IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CAROLYN E. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:03-CV-242 |
| | ) | (GUYTON) |
| COMMUNITY GROUP, INC., | ) | |
| d/b/a FIRST VOLUNTEER BANK, | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

The plaintiff Carolyn E. Wilson moves [Doc. 50] pursuant to Rule 15 of the Federal Rules of Civil Procedure to set aside the Order [Doc. 47] dismissing this case and to allow her to amend her complaint to name as the defendant First Volunteer Bank. The defendant Community Group, Inc. opposes the plaintiff's motion, arguing that the plaintiff has not set forth any basis for such relief. [Doc. 51].

Plaintiff filed her original complaint [Doc. 1] on May 1, 2003. The defendant's answer [Doc. 4] was filed on June 19, 2003, and clearly avers that the defendant Community Group, Inc. was not and had not ever been the plaintiff's employer. The plaintiff, however, did not move to amend her complaint. In the defendant's first motion for summary judgment [Doc. 9], filed on January 12, 2004, the defendant again raised the issue that the named defendant was not the plaintiff's employer. Nevertheless, the plaintiff made no attempt to amend the complaint to add the proper defendant at that time. Thereafter, the defendant's first Motion For Summary Judgment was withdrawn upon the parties' joint motion. [Doc. 18]. The defendant's second motion for summary judgment [Doc. 31] was filed on February 7, 2005. In it, the defendant again raised the defense that

the proper employer was not named. However, no action was taken to amend the complaint, and the Court granted the defendant's motion for summary judgment. [Doc. 47].

The amendment now proposed by the plaintiff could have been made much earlier in this litigation. The plaintiff has been aware since the filing of the defendant's answer in June, 2003 that the defendant Community Group, Inc. claimed that it was not the plaintiff's employer. The Court finds that there has been undue delay by the plaintiff in seeking to amend the complaint. See Diersen v. Chicago Car Exchange, 110 F.3d 481, 489 (7th Cir. 1997) (affirming denial of post-judgment motion to amend to add new defendant where amendment could have been sought earlier, noting that to do otherwise would prolong the litigation and impair the public interest in prompt resolution of legal disputes). Furthermore, the Court finds that permitting the plaintiff to amend her complaint at this time would impose substantial prejudice to the potential defendant. "Prejudice . . . is a legitimate basis for denial of leave to amend." Duchon v. Cajon Co., 791 F.2d 43, 48 (6th Cir. 1986).

For the foregoing reasons, Plaintiff's Motion to Set Aside Judgment and To Amend Complaint [Doc. 50] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge